Filed 3/20/24  P. v. Wilson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>STEVEN RYAN WILSON,<br><br>  Defendant and Appellant. | C097887<br><br>(Super. Ct. No. 22FE009156) |

Defendant Steven Ryan Wilson hit and kicked the mother of his minor child and prevented her from leaving her home for a period of time.  A jury found defendant guilty of assault, infliction of corporal injury on a former dating partner, and false imprisonment.  It also found true a great bodily injury enhancement allegation.  The trial court sentenced defendant to three years eight months in state prison, consisting of the following:  the middle term of three years for the corporal injury conviction, a stayed four-year term for the great bodily injury enhancement, and a consecutive eight months (one-third the middle term) for the false imprisonment conviction.  The trial court imposed one year for the assault conviction but stayed the term under Penal Code section 654.[1]

---

[1] Undesignated statutory references are to the Penal Code.

1

Defendant now contends (1) the trial court should have stayed the sentence for false imprisonment because all of his offenses were part of a single objective, and (2) the one-year sentence on the assault conviction is unauthorized because the maximum sentence for that offense is six months.

We agree with the People that only the second contention has merit. We will modify the judgment to impose a six-month sentence on defendant's simple assault conviction, stay that sentence under section 654, and affirm the judgment as modified.

BACKGROUND

In May 2022, while defendant was visiting his son and his son's mother (mother) to celebrate the son's fifth birthday, he spoke with another woman on the phone. Mother asked defendant to leave, and they began arguing. Defendant hit her in the face multiple times. She fell to the ground and defendant continued to hit and kick her while yelling obscenities.

Mother asked defendant to allow their son to leave, but defendant said no and pushed her. She opened the front door but defendant told her she was not leaving and closed the door. Mother took the son into the bathroom. Defendant broke the door open and punched her again.

Mother ran to the garage and opened the automatic garage door. Defendant tried to close the door while mother tried to keep it open. Defendant grabbed her but mother slipped away and ran to a neighbor's house. The son followed her. Mother had black eyes, a concussion, bruised ribs, a cut above her eye that required stitches, and a laceration on top of her head.

The jury found defendant not guilty of assault with a deadly weapon (§ 245, subd. (a)(1) -- count one) but guilty of simple assault as a lesser included offense (§ 240). It also found defendant guilty of infliction of corporal injury on a former dating partner (§ 273.5, subd. (a) -- count two) and false imprisonment (§ 236 -- count three), and found true a great bodily injury enhancement attached to count two (§ 12022.7, subd. (e)).

2

The probation report recommended that the trial court impose but stay sentences for the assault and false imprisonment convictions under section 654. Defense counsel requested the same at the sentencing hearing in December 2022, and also asked the trial court to impose but stay the great bodily injury enhancement. The trial court sentenced defendant to three years eight months in state prison, consisting of the following: the middle term of three years for the count two corporal injury conviction, a stayed four-year term for the great bodily injury enhancement, and a consecutive eight months (one-third the middle term) for the count three false imprisonment conviction. The trial court imposed one year on the count one simple assault conviction but stayed the term under section 654. In rejecting a stay of the false imprisonment sentence, the trial court said it did not know why the probation report recommended such a stay, given that the false imprisonment involved a different victim, the son.

## DISCUSSION

### I

Defendant contends the trial court should have stayed the sentence for false imprisonment because all of his offenses were part of a single objective.

Section 654 provides that "[a]n act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." (§ 654, subd. (a).) The statute prohibits multiple punishment when a defendant is convicted of several crimes based on a single act or omission. (*People v. Coleman* (1989) 48 Cal.3d 112, 162.) It also bars multiple punishments for convictions arising out of an indivisible course of conduct that are committed with a single criminal intent and objective. (*People v. Corpening* (2016) 2 Cal.5th 307, 312 (*Corpening*).)

" 'A trial court's express or implied determination that two crimes were separate, involving separate objectives, must be upheld on appeal if supported by substantial evidence.' " (*In re Raymundo M.* (2020) 52 Cal.App.5th 78, 94.) When the facts of a

3

case are undisputed, the application of section 654 raises a question of law, which is reviewed de novo. (*Corpening, supra*, 2 Cal.5th at p. 312.)

Defendant was charged in count three with false imprisonment of mother by violence or menace. In closing argument, the prosecutor said that to convict defendant of the crime, the jury had to find beyond a reasonable doubt that (1) defendant intentionally confined someone by violence or menace, and that (2) defendant made the other person stay or go somewhere against their will. The prosecutor emphasized the evidence of defendant's attack and his efforts to prevent mother from leaving.

Defendant contends the trial court incorrectly believed the false imprisonment victim was the son rather than mother. It is true that count three charged defendant with false imprisonment of mother, not the son. Apparently mistakenly believing otherwise, the trial court seemed focused on the rule that section 654 does not apply to crimes of violence against multiple victims. (See e.g., *People v. King* (1993) 5 Cal.4th 59, 78.)

But we may affirm the trial court's decision if it is correct on any applicable legal theory. There can be no prejudicial error from erroneous logic or reasoning if the decision itself is correct. (*Estate of Beard* (1999) 71 Cal.App.4th 753, 776.) Here, the record supports an implied finding that the corporal injury and false imprisonment offenses involved separate objectives. It can be inferred from the evidence that defendant beat mother to inflict pain, but that defendant stopped mother from leaving the house to prevent her from obtaining help. Because it can be inferred that defendant committed multiple and divisible acts with distinct objectives, the trial court did not err in declining to stay the false imprisonment sentence. (See *People v. Mejia* (2017) 9 Cal.App.5th 1036, 1047.)

## II

Defendant next contends the one-year sentence on the assault conviction is unauthorized because the maximum sentence for that offense is six months.

A sentence is unauthorized if it could not lawfully be imposed under any circumstance in a particular case. (*People v. Scott* (1994) 9 Cal.4th 331, 354.) A court with jurisdiction may correct an unauthorized sentence at any time. (*People v. Turrin* (2009) 176 Cal.App.4th 1200, 1205.)

The jury found defendant guilty of simple assault under section 240 as a lesser included offense. The trial court imposed but stayed a sentence of one year for that conviction. The parties agree that the sentence is unauthorized. The maximum sentence for the offense is six months. (See §§ 240 [assault], 241, subd. (a) ["An assault is punishable by a fine not exceeding one thousand dollars ($1,000), or by imprisonment in the county jail not exceeding six months, or by both the fine and imprisonment"].) We agree that the judgment should be modified.

We will modify the judgment to impose a six-month sentence on the count one conviction for simple assault, and to stay the sentence under section 654.

## DISPOSITION

The judgment is modified to impose a six-month sentence on the count one conviction for simple assault, and to stay the count one sentence under section 654. The judgment is affirmed as modified. The trial court is directed to amend the sentencing minute order to reflect the judgment as modified.


                          /S/

                       MAURO, J.

We concur:


   /S/

HULL, Acting P. J.


   /S/

KRAUSE, J.